## MATSON NAV. CO. v. WAR DAMAGE CORPORATION.

### No. 11925.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1949.

Herman Phleger, Gregory A. Harrison, Bailey Lang, Lyman Henry and Kent Sawyer, all of San Francisco, Cal. (Brobeck, Phleger & Harrison and Hall, Henry & Oliver, all of San Francisco, Cal., of counsel), for appellant.

Ira S. Lillick, Allan E. Charles, Edward D. Ransom, and Lillick, Geary, Olson, Adams & Charles, all of San Francisco, Cal., for appellee.

Before HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

While en route from the Hawaiian Islands to the continental United States, on December 11, 1941, the Matson ship LAHAINA was sunk by a Japanese submarine. In this suit the owner sought to recover from the War Damage Corporation the value of the ship, its theory being that protection for the loss was afforded by § 5g of the Reconstruction Finance Corporation Act. Recovery was denied below, and the Matson Company appeals.

Section 5g was added to the Reconstruction Finance Act by way of amendment on March 27, 1942, 56 Stat.L. 175. It authorized the War Damage Corporation to provide, not later than July 1, 1942, insurance protection against loss or damage to property, real and personal, as a result of enemy attack, subject to such general exceptions as the Corporation might deem advisable, upon the payment of premiums or charges to be fixed. The insurance protection, so far as here important, was to apply only (1) to such property situated in the United States, the Philippine Islands, the Canal Zone, and the Territories and possessions of the United States, and (2) "to such property in transit between any points located in any of the foregoing." In the interval pending the effective inauguration of the program loss or damage to any such property sustained subsequent to December 6, 1941, was to be compensated without the necessity of a contract of insurance or the payment of premium or other charge.

The question for decision is whether a ship constitutes "property in transit" within the intendment of this statute. The district court was of opinion that the protection afforded by the "in transit" clause was limited to cargo or goods; and that ships, to which marine war risk insurance under the provisions of the Merchant Marine Act 1936, as amended, 46 U.S.C.A. § 1128 et seq., was then available, were not within the coverage afforded. We agree with this interpretation.

The "in transit" clause is not so free from ambiguity as to preclude resort to the legislative history. The opinion of the trial court, 74 F.Supp. 705, exhaustively reviews

the background and history of the statute and it would be idle for us again to plow that field. It is clear from the committee hearings that, except for a limited period in respect of cargo, Congress had no intention of authorizing the War Damage Corporation to cover what the Maritime Commission already had authority to insure. The concession in respect of property in transit was made in response to the pleas of the delegates from Hawaii and Alaska, whose sole concern, as expressed before the Senate committee, was for coverage for goods in transit to and from their ports; and even this concession appears to have been made, in part at any rate, under a misapprehension.[1] From the inception of the legislation to the final enactment of the statute protection for ships appears to have formed no part of this particular program. The evidence to this effect is simply overwhelming.

Other and formidable arguments are advanced by appellee in support of the judgment, but because of the approach we have made to the problem it is unnecessary to consider them.

Affirmed.

---

[1] The misapprehension appears, among other places, in a statement of Mr. Hamilton, General Counsel for the R.F.C., who remarked that the existing law had been criticized on the ground that "the shipper could not be sure that his cargo will be carried by American vessels." Hearing before House Committee on Banking and Currency, Feb. 4, 1942, on H.R. 6382 (S. 2198).